UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD LAMOREAUX,

    Petitioner,

v.                                  Case No. 5:04-cv-529-Oc-10GRJ

BRUCE PEARSON, et al.,

    Respondents.

## ORDER OF DISMISSAL

Petitioner initiated this *pro se* case by filing a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Coleman Federal Correctional Complex pursuant to his guilty-plea conviction for a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (Lesser Included Offense of Cultivation of Marijuana).

The Petition alleges that the Bureau of Prisons (BOP) is wrongfully denying Petitioner eligibility for sentence reduction pursuant to his participation in a substance abuse treatment program. Petitioner's sole challenge to this regulation is that the BOP did not comply with the Administrative Procedure Act in promulgating it. See Doc. 1. The Respondent contends that the Petitioner failed to exhaust his administrative remedies before filing the Petition, and that Petitioner's challenge to the regulation is foreclosed by Lopez v. Davis, 531 U.S. 230 (2001), in which the Supreme Court upheld the regulation at issue. Doc. 4, 4-5. In his reply to

Respondent's Response, Petitioner concedes that he filed this case prior to exhausting his administrative remedies. Doc. 5 at 1. He contends that it was necessary to file his Petition prior to exhausting his remedies because he otherwise might spend more time in prison than necessary. Id. Petitioner states that he will provide the Court with evidence of exhaustion once the administrative remedy process is complete, but Petitioner has never provided the Court with such evidence.

Upon consideration of the Petition, the Response and attached exhibits, and Petitioner' reply, the Court concludes that an evidentiary hearing is not warranted in this case, and the Court may resolve the case on the basis of the record before it. See Rule 8, Habeas Rules.[1]

## Exhaustion of Administrative Remedies

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional.[2] Therefore, in order to obtain judicial review of a sentence-execution claim, a federal inmate must first exhaust his available administrative remedies within the BOP's administrative remedy program. The following policies are promoted by requiring the exhaustion of administrative remedies:

---

[1] Rules Governing Habeas Corpus Cases Under Section 2254. Pursuant to Habeas Rule 1, the Rules may be applied to other habeas cases in the Court's discretion.

[2] Winck v. England, 327 F.3d 1296, 1300 n. 1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001); United States v. Lucas, 898 F.2d at 1556).

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise it's discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ;  (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'[3]

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal procedures fail to achieve the desired results. 28 C.F.R. § 542.10, et seq.  The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated.  If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For an inmate at the Federal Correctional Complex in Coleman, Florida, this appeal would be filed with the Southeast Regional Office of the BOP in Atlanta, Georgia.) Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

In view of Petitioner's concession that he did not exhaust his administrative remedies before filing this case, the case will be dismissed.

---

[3] Irwin v. Hawk, 40 F.3d 347,348 (11th Cir. 1994) (citations omitted).

## Conclusion

For the reasons set forth in this Order, the Petition for Writ of Habeas Corpus is **DISMISSED without prejudice**. The Clerk is directed to enter judgment dismissing the Petition without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 30th day of March 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Richard Lamoreaux
   Counsel of Record